**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT F. WASHINGTON (#710737)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **22-126-BAJ-RLB** |
| **ASSISTANT WARDEN TROY PORET** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 3, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROBERT F. WASHINGTON (#710737)**                **CIVIL ACTION**

**VERSUS**

**ASSISTANT WARDEN TROY PORET**                  **22-126-BAJ-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Poret complaining that his constitutional rights have been violated in connection with his Chase bank account. He seeks monetary and injunctive relief. Plaintiff filed his Complaint in the Western District on or about March 9, 2020. *See* R. Doc. 1. The plaintiff was directed to amend his Complaint and did so on April 20, 2020. *See* R. Docs. 4 and 5. On February 22, 2022, this matter was transferred from the Western District to this Court. *See* R. Doc. 13. This Court must now screen the plaintiff's Amended Complaint as required by 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint, as amended: On January 23, 2007, the plaintiff was involved in a car wreck while in custody of the Caddo Parish Sheriff Department. The plaintiff was subsequently prescribed medications that caused nausea, disorientation, confusion, and memory loss. The plaintiff was transferred to LSP and on January 19, 2010, the plaintiff informed defendant Poret that he planned to discontinue his medications because he could not recall things such as his bank account numbers. The plaintiff asked defendant Poret to contact his bank and withdraw funds so the plaintiff could obtain legal assistance with a criminal matter regarding his direct appeal in the state appellate court. The plaintiff would then conduct business directly with Chase Bank.

Defendant Poret transferred the plaintiff to lockup in Camp C, and told plaintiff he would not be released if he didn't continue to take his medication. Defendant Poret further informed the plaintiff that he would have inmate counsel file in the Louisiana Supreme Court on behalf of the plaintiff. The plaintiff was not allowed to make outside phone calls and defendant Poret told the plaintiff it was not necessary for the plaintiff to contact the bank.

The plaintiff remained in lockup for 40 days, and defendant Poret ensured that the plaintiff took his medications which caused serious side effects. The plaintiff subsequently discontinued his medication and informed Defendant Poret that his assistance with Chase Bank was no longer needed. Instead of helping plaintiff obtain proper legal counsel, defendant Poret wired money from the plaintiff's bank account to his own and continued to do so through 2020.

The plaintiff's Complaint fails to state a claim upon which relief may be granted. Whether intentional or negligent, the "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Louisiana law provides plaintiff the opportunity to seek redress for either the alleged negligence or intentional torts committed by public officials. *See* Louisiana Civil Code Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee,* 951 F.2d 638 (5th Cir. 1992). Because the plaintiff has available post-deprivation remedies through the state courts, his claim based on the alleged taking of his personal property, fails to state a claim under *Hudson.*

With regards to the plaintiff's claim that defendant Poret interfered with the plaintiff's right of access to the courts, a substantive right of access to the courts has long been recognized.

*Lewis v. Casey,* 518 U.S. 343, 347 (1996), *citing Bounds v. Smith,* 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to petition the government for redress of grievances. *Driggers v. Cruz,* 740 F.3d 333, 336–37 (5th Cir. 2014) citing *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731 (1983). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices or otherwise, the transmission of legal documents that prisoners wish to send to the courts. *Ex parte Hull,* 312 U.S. 546 (1941) (striking down a state regulation prohibiting prisoners from filing petitions for habeas corpus without the approval of a state official); *Jackson v. Procunier,* 789 F.2d 307, 310–11 (5th Cir. 1986) (prison officials may not deliberately delay mailing legal papers when they know that such delay will effectively deny a prisoner access to the courts). Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 429 (5th Cir. 1994), *citing Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir.1 989). The fundamental constitutional right of access to the courts also requires that prison authorities assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). This right extends to pretrial detainees as well as to convicted inmates. *Boyd v. Nowack,* 2010 WL 892995, *2 (E.D. La. March 11, 2010), *citing United States v. Moya–Gomez,* 860 F.2d 706, 743 (7th Cir. 1988).

The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey, supra,* 518 U.S. at

356. Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so. *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983"). Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997). Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury,* 536 U.S. 403, 415 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

In the present matter, the Amended Complaint fails to state a claim for denial of access to the courts. The plaintiff asserts that due to defendant Poret's actions, he could not pay for proper legal assistance to aid with "criminal affairs" due to the denial of his direct appeal in the Second Circuit. While this Court could assume the plaintiff is referring to applications for writs in the state courts, the plaintiff has not described any underlying cause of action as required. Nor does the plaintiff assert that any claims he intended to present were non-frivolous. Additionally, the plaintiff has not alleged to have suffered any legal prejudice or detriment as a result of the

defendant's actions. As such, the Complaint fails to state a claim for denial of access to the courts.

With regards to the 40 days spent in administrative segregation, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that, in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff remained in administrative segregation for only 40 days. This punishment does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. *See Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) ("the duration in segregated confinement that courts have found does not give rise to a liberty interest ranges up to two and one-half years") (citing *Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998)) (holding that administrative segregation for two and one-half years did not give rise to a liberty interest); *Griffin v. Vaughn*, 112 F.3d 703,

708 (3d Cir. 1997) (finding that a prisoner's placement in administrative segregation for fifteen months did not give rise to a liberty interest); *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (finding that protective lockdown for twelve months did not give rise to a liberty interest); *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015).

To the extent the plaintiff complains of defendant Poret's threats, verbal threats by law enforcement officers do not rise to the level of a constitutional violation. *Field v. Corr. Cor*p., 364 F. App'x. 927, 930 (5th Cir. 2010) (*citing Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995)); Matthews v. Graham, 235 F.3d 1339, 2000 WL 1672660, at *1 (5th Cir. 2000) (*citing McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)). Thus, plaintiff's allegations of threats against him by defendant Poret do not rise to the level of a constitutional violation, and they fail to state a claim upon which relief may be granted.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1].

Signed in Baton Rouge, Louisiana, on October 3, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."